IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRAMAINE OWENS,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF JOHN WILCHER, and THE STATE,<br><br>    Defendants. | CIVIL ACTION NO.: 4:21-cv-295 |

## O R D E R

Plaintiff, who is currently housed at Chatham County Detention Center in Savannah, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 against Defendant John Wilcher, who is the Sheriff of Chatham County, and the State of Georgia. (Doc. 1.) The Court has conducted the requisite frivolity review of Plaintiff's Complaint. For the reasons set forth below, the Court **DISMISSES** Plaintiff's claims in their entirety for failure to state a claim. In addition, the Court **DENIES** Plaintiff leave to appeal *in forma pauperis*.

### BACKGROUND[1]

In his Complaint, Plaintiff contends that jail staff have made copies of communications between Plaintiff and his private attorney and that he was unable to receive mail for twenty days while he was housed in a particular unit of the detention center for disabled inmates. (Id. at pp. 7—8.) To remedy the interference with his communications with his attorney, Plaintiff requests that the Court order the detention center to allow all inmates to have "unadulterated

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

access to their authentically private devices from home." (Id. at p. 8; see also, id. at p. 9 ("I want it made into law that inmate [sic] are entitled to private devices from home. It should be mandatory that inmate can receive and use devices from outside the jail.").)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.     Dismissal for Failure to State a Claim**.

To state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

It appears that Plaintiff attempts to satisfy the first element by alleging that Defendants have instituted policies at the Chatham County Detention which impede his access to the courts. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). However, not every denial of access to the courts will give rise to a Section 1983 claim. Rather, the Eleventh Circuit has stated the following regarding access to courts claims alleging that an inmate does not have access to a law library:

> "[T]he fundamental constitutional right of access to the courts requires prison authorities to ... provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law.' Bounds v. Smith, 430 U.S. 817, 828 (1977). The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.' Lewis v. Casey, 518 U.S. 343, 351 (1996); see Weaver v. Brenner, 40 F.3d 527, 533 (2d Cir. 1994) (recognizing that, when judicial decisions subsequently delineate that a right that generally appeared to exist at the time of the government official's conduct did not actually exist, then "the conduct will not subject the official to liability"). While Bounds guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance. See Lewis, 518 U.S. at 349–51. Instead, they must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. Id. at 355–57. 'Impairment of any other

> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.' Id. at 355.

Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1988).

With respect to access-to-court claims, Lewis clarifies that a plaintiff first must show actual injury before seeking relief under Bounds. See Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir. 1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a non-frivolous, post-conviction claim or civil rights action. See id. at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. See id. at 1446. Therefore, in an access-to-courts claim, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." Id.

In the case at hand, Plaintiff has failed to plausibly allege actual injury. He has not made any factual allegations that the limitations on access to legal mail and counsel at the Chatham County Detention Center affected his pursuit of a nonfrivolous appeal, post-conviction claim, or civil rights action. Indeed, he does not even allege that Defendants' actions interfered with his pursuit of a defense or claim in any civil or criminal case. Rather, he makes generalized allegations regarding how the policies he complains of could hypothetically interfere with a detainee's access to the courts. Moreover, "even the intentional destruction of legal material by prison officials does not, standing alone, establish a constitutional interference claim." Williams

v. Langford, No. 2:13-CV-315-FTM-38CM, 2015 WL 8479220, at *5 (M.D. Fla. Dec. 10, 2015). Again, even if Plaintiff's legal mail was interfered with, he has failed to explain how that interference affected any nonfrivolous claim or defense. Further, to establish a claim for denial of access to the Courts, Plaintiff must show that Defendant acted with intent to frustrate Plaintiff's ability to bring suit. Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005) (plaintiff must allege intentional conduct interfering with his legal mail to support claim of impeding a right of access to the courts). Plaintiff has failed to plausibly allege such an intent.

Even if Plaintiff had established a claim that he has been denied some right, privilege, or immunity secured by the Constitution or laws of the United States, his claims would still be due to be dismissed. Plaintiff asserts claims against the State of Georgia. However, "[a] state and its agencies . . . are not 'persons' who may be sued under § 1983." Darrough v. Allen, No. 1:13-CV-57 WLS, 2013 WL 5902792, at *3 (M.D. Ga. Oct. 8, 2013); see also Williams v. Ga. Dep't of Corr., No. CV612-050, 2012 WL 3911232, at *1 (S.D. Ga. Aug. 6, 2012) report and recommendation adopted, No. CV612-050, 2012 WL 3910834 (S.D. Ga. Sept. 6, 2012) ("Because the Georgia Department of Corrections is a state agency, it is not a 'person' subject to suit under § 1983."). Furthermore, states are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). These independent reasons warrant dismissal of Plaintiff's claims against the State.

Moreover, the far-reaching and extraordinary relief Plaintiff seeks would not be warranted even if he had shown a violation of his right to access the Courts. Plaintiff's sole request for relief is that the Court mandate that all inmates in the Chatham County Detention

Center have unfettered access to private cell phones. (Doc. 1, p. 9.) Plaintiff goes so far as demanding a strong cellular signal and Wi-Fi access. (Id. at p. 8.) Even taking Plaintiff's claims at face value, he in no way has provided grounds for the Court to institute this drastic remedy. The relief he seeks would be an unwarranted intrusion in the Sheriff's operation of the detention center. See, e.g., Harper v. Ray, No. 3:16-CV-0965-RDP-TMP, 2017 WL 2060347, at *2 (N.D. Ala. Apr. 26, 2017), report and recommendation adopted, No. 316CV00965RDPTMP, 2017 WL 2002014 (N.D. Ala. May 12, 2017) ("Furthermore, the relief the plaintiff seeks goes directly to the day-to-day operation of the jail, a process with which the courts should normally not interfere. Bell v. Wolfish, 441 U.S. 520, 548 (1979). Absent a real and immediate threat to the plaintiff, it is not appropriate for the court to become 'enmeshed in the minutiae of prison operations.' Hamm v. Dekalb County, 774 F.2d 1567, 1573 (11th Cir. 1985); Bell, 441 U.S at 562."); Webb v. Leopard, No. CV 107-006, 2007 WL 1033535, at *1 (S.D. Ga. Mar. 29, 2007) ("the Court is loathe to interfere in the day-to-day operations of a detention facility or prison, as jail officials are best suited to anticipate operational problems and develop solutions to difficult problems in the administration of penal facilities.") (citing Lewis v. Casey, 518 U.S. 343, 361 (1996)). Moreover, the Sheriff and the public obviously have legitimate security and penological interests in keeping private cell phones out of the Chatham County Detention Center.

For all these reasons, the Court **DISMISSES** Plaintiff's claims in this action in their entirety.

## II.     Leave to Appeal In Forma Pauperis

The Court also denies Plaintiff leave to appeal *in forma pauperis*.[2]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court **DENIES** *in forma pauperis* status on appeal.

---

[2]  A certificate of appealability is not required in this Section 1983 action.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's claims and **DENIES** Plaintiff leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 2nd day of June, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA